Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| INTERSERVICE GROUP, INC. EN SU CAPACIDAD COMO AGENTE ADMINISTRADOR DE MAHI-MAHI, S.E. H/N/C MAHI-MAHI SHOPPING VILLAGE<br>Recurrida<br><br>V.<br><br>CHERYL DÍAZ ROJAS Y JOLIE SALON & STUDIO, LLC<br>Peticionaria | TA2025CE00373 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Toa Alta<br><br>Caso Núm.: TA2025CV00017<br><br>Sobre: Cobro de Dinero |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda del Toro y la Jueza Lotti Rodríguez

Grana Martínez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 21 de octubre de 2025.

La parte peticionaria y apelante compuesta por Cheryl Díaz Rojas y Jolie Salón & Studio solicita que revisemos la denegatoria del Tribunal de Primera Instancia a reconsiderar la Resolución y Sentencia Parcial en la que eliminó las alegaciones y defensas afirmativas de la contestación a la demanda presentada en su contra y desestimó con perjuicio su reconvención.

Por su parte, la parte apelada recurrida Interservice Group, Inc., presentó su oposición al recurso, por lo que damos el mismo por perfeccionado.

I

Los hechos pertinentes para atender y resolver este recurso son los siguientes. Interservice Group. Inc., presentó una demanda de cobro de dinero contra Cheryl Díaz Rojas y Jolie Salón & Studio. La demanda incluyó las alegaciones siguientes. El 2 de octubre de 2020 ambas partes suscribieron un contrato de arrendamiento, mediante el cual la demandante arrendó a la demandada un local

comercial. La demandada incumplió con los términos del contrato, específicamente, con el pago de los cánones de arrendamiento y otros gastos y costas descritos en el contrato. Además, entregó las llaves del local arrendado unilateralmente al guardia de seguridad el 27 de septiembre de 2024, sin seguir el proceso establecido. La demandada entregó las llaves antes de que venciera el contrato el 31 de diciembre de 2025. A esa fecha el local no estaba arrendado y permanecía vacante. La parte demandada tenía una deuda solidaria por el pago de la renta básica de $27,086.35 al 31 de diciembre de 2024 y los gastos operacionales. La deuda era líquida y exigible. Las gestiones de cobro fueron infructuosas.[1]

La demandada en su contestación a la demanda no respondió las primeras dos alegaciones, porque no requerían alegación, no obstante, las negó en caso de que fuera necesario una alegación responsiva. La demandada aceptó como ciertas las alegaciones tercera, cuarta, quinta y sexta de la demanda. Sin embargo, negó las alegaciones séptima, octava, novena y décima en las que Interservice Group. Inc., alegó que: (1) incumplió con el pago de los cánones de arrendamiento y de otros costos y gastos establecidos en el contrato, (2) el 27 de septiembre de 2024 le entregó las llaves unilateralmente al guardia de seguridad, (3) no cumplió con el proceso establecido, (4) entregó las llaves antes de que venciera el contrato el 31 de diciembre de 2025, (5) al 31 de diciembre de 2024 el local no había sido arrendado, y (6) existía una deuda solidaria de $27,086.35 al 31 de diciembre de 2024, de renta básica y gastos operacionales. La demandada respondió que coordinó con la demandante la entrega voluntaria de la propiedad y que tenía un inquilino potencial dispuesto a comprar la llave del negocio, pero la demandante no lo aceptó. Además, alegó que la deuda hasta el 31

---

[1] Véase Demanda, entrada número 1, Sistema Unificado de Manejo y Administración de Casos (SUMAC) ante el Tribunal de Primera Instancia (TPI).

de diciembre era solo de tres meses. Por último, la demandada negó las alegaciones doce y trece, en las que la demandante alegó que la deuda estaba vencida, líquida y exigible y que hizo múltiples gestiones de cobro infructuosas.[2]

Sus defensas afirmativas fueron las siguientes:

1. Todas las alegaciones afirmativas incluida en los párrafos anteriores.

2. El local estuvo vacante varios meses, porque la demandante no le permitió vender la llave.

3. Los daños alegados fueron consecuencia de los actos y omisiones culposas y negligentes de la demandante.

4. Las cuantías y o daños alegados no son compensables, porque son inexistentes, exagerados, excesivos, desproporcionados, especulativos y remotos y no guardan relación ni proporción con los hechos alegados en la demanda.

5. Cualquier responsabilidad imputable a la demandada está sujeta al incumplimiento craso de la demandante con sus obligaciones contractuales.

6 El daño fue autoimpuesto porque la demandante impidió irrazonablemente la venta de la llave del negocio a un tercero, quien cubriría los cánones de arrendamiento de octubre a diciembre.

7 Cualquier daño o reclamación por cánones de renta fue el resultado de circunstancias inevitables, causas ajenas a la demandada o atribuibles exclusivamente a la propia negligencia, incumplimiento contractual, decisiones operacionales o actuaciones y omisiones de los propios agentes de la demandante.[3]

La demandada fundamentó la reconvención en los hechos siguientes. El 27 de septiembre de 2024 entregó las llaves del local, a pesar de que tenía un comprador que se comprometió a pagar $50,000.00. La demandante se opuso irrazonablemente a la compraventa de la llave, a pesar de que el contrato lo permitía. La actuación de la demandante impidió que pudiera vender la llave del negocio y le ocasionó daños por $50,000.00.[4]

La demandante solicitó la eliminación las alegaciones de la contestación de la demanda y de todas las alegaciones afirmativas y

---

[2] Véase Contestación a Demanda, entrada número 9, SUMAC ante el TPI.
[3] Id.
[4] Id.

la desestimación con perjuicio de la reconvención. Su representación legal adujo que eran generalizadas y conclusivas, carecían de los hechos demostrativos requeridos y omitían las alegaciones esenciales de tiempo y lugar.[5] Por su parte, la demandada se opuso a la moción dispositiva, porque las alegaciones de la contestación a la demanda y la reconvención notificaban a grandes rasgos a la demandante lo alegado. Su representación legal argumentó que la contestación a la demanda cumplió con la Regla 6.2 de Procedimiento Civil, 32 LPA Ap. V, porque incluyó los hechos y las circunstancias que dieron base para dicha contestación. La demandada invocó la doctrina de *rebus sic stantibus.* Finalmente adujo que tenía una reclamación válida y realizada de buena fe, basada en el incumplimiento de la demandante y los daños ocasionados.[6]

Finalmente, el TPI emitió una RESOLUCION Y SENTENCIA PARCIAL en la que declaró ha lugar la moción dispositiva y eliminó las alegaciones responsivas y defensas afirmativas defectuosas y desestimó la reconvención. El foro primario concluyó que la demandada omitió en su contestación a la demanda defensas afirmativas y en la reconvención no incluyó hechos demostrativos concretos, específicos y plausibles.

Según el TPI la demandada no:

(1) especificó la fecha en la que alegó se comunicó con la demandante para coordinar la entrega del local arrendado,

(2) identificó el personal de la demandante con el que alega tramitó la entrega del local,

(3) especificó si Díaz participó personalmente en ese trámite,

(4) identificó a la persona que entregó la llave,

---

[5] Véase Moción Dispositiva, entrada número 11, SUMAC ante el TPI.

[6] Véase Oposición a Moción Dispositiva, entrada número 13, SUMAC ante el TPI.

(5)  identificó el personal de la demandante que alegó recibió la llave,

(6)  proveyó detalle alguno del trámite de entrega del local arrendado que alega confirmó con la demandante.

El TPI determinó que la demandada tampoco incluyó los hechos demostrativos plausibles requeridos para sustentar que la demandante se negó a aprobar a un presunto potencial inquilino. Según el TPI, la demandante no proveyó el nombre del alegado inquilino, no incluyó la fecha en la que accedió a comprar la llave del negocio, ni incluyó la fecha en que alegó que solicitó a la demandante aprobar al presunto potencial inquilino sin identificar y, tampoco incluyó la fecha en que la demandante rechazó al potencial inquilino no identificado.

El foro primario determinó que la demandada tampoco proveyó hechos demostrativos plausibles para sustentar que la deuda reclamada en la demanda no existía, era errónea y no era líquida, ni exigible. El TPI resolvió que sus defensas afirmativas tampoco contenían hechos demostrativos, plausibles concretos y específicos que las sustentaran. Según el TPI, la propia demandada reconoció en su oposición que algunas de sus defensas afirmativas no contenían hechos demostrativos plausibles. Por último, advirtió que la demandada levantó el cuasicontrato de enriquecimiento injusto como defensa afirmativa, a pesar de la relación entre las partes estaba regulada por el contrato de arrendamiento.

Así las cosas, el foro recurrido, concluyó que las alegaciones de la reconvención eran esencialmente las mismas que las alegaciones responsivas. Por consiguiente, resolvió que eran alegaciones conclusorias, faltas de hechos demostrativos plausibles para exponer una reclamación viable. El foro primario, determinó que la demandada estaba impedida contractualmente de reclamar a la demandante por negarse a consentir injustificadamente que vendiera las llaves del negocio. Según el TPI, la demandada renunció

a invocar la doctrina de *rebus sic stantibus*, porque omitió los hechos demostrativos plausibles requeridos que la sustentan y no demostró la existencia de alguna de las circunstancias extraordinarias e imprevisibles requeridas para su aplicación.[7]

La demandada solicitó reconsideración y permiso para enmendar la demanda. La demandante se opuso a la reconsideración. El TPI se negó a reconsiderar la Sentencia Parcial.

Inconforme la peticionaria presentó este recurso en el que alega que:

1) ERRO EL TRIBUNAL DE PRIMERA INSTANCIA AL ELIMINAR LAS ALEGACIONES RESPONSIVAS, DEFENSAS AFIRMATIVAS Y LA CONTESTACION PRESENTADA POR LA PARTE RECURRENTE, DEJANDOLA DESPROVISTA DE TODO REMEDIO O RECURSO CON QUE DEFENDERSE, EN CLARA VIOLACION A SU DERECHO CONSTITUCIONAL A UN PROCESO JUSTO Y EQUITATIVO, ASI COMO A LA POLITICA PUBLICA DE ACCESO A LA JUSTICIA.

2) ERRO EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR NO HA LUGAR LA RECONVENCION PRESENTADA POR LA PARTE RECURRENTE, DESESTIMANDOLA CON PERJUICIO PESE A QUE ESTABA FUNDAMENTADA EN HECHOS MATERIALES QUE DEBIERON VENTILARSE EN LOS MERITOS, Y APLICANDO DE MANERA RESTRICTIVA CLAUSULAS CONTRACTUALES EN CONTRAVENCION DE LA DOCTRINA DE INTERPRETACION LIBERAL DE LAS ALEGACIONES DEL PRINCIPIO DE JUSTICIA SUSTANTIVA.

3) ERRO EL TRIBUNAL DE PRIMERA INSTANCIA AL NO PERMITIR A LA PARTE RECURRENTE ENMENDAR SU CONTESTACION O EN LA ALTERNATIVA, PRESENTAR UNA EXPOSICION MAS DEFINIDA DE LAS ALEGACIONES, EN CONTRAVENCION DE LA REGLA 13.1 DE PROCEDIMIENTO CIVIL.

II

### EL *CERTIORARI*

El Tribunal Supremo de Puerto Rico reiteró los criterios para la expedición de un *certiorari* en *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023). Nuestro máximo intérprete de la ley local definió el *certiorari* como un mecanismo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las

---

[7] Véase Resolución y Sentencia Parcial, entrada número 18, SUMAC ante el TPI.

determinaciones del tribunal recurrido. La opinión ratifica lo previamente expresado en *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *Mc Neil Healthcare n Mun. de Las Piedras I,* 206 DPR 391, 403 (2021); *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020). La característica principal del *certiorari,* es la discreción que tiene el tribunal para atenderlo. No obstante, la discreción ha sido definida reiteradamente como una forma de razonabilidad aplicada al discernimiento judicial. Su ejercicio persigue el objetivo de llegar a una conclusión justiciera. *Rivera et al. v. Arcos Dorados et al.,* supra, pág. 210.

De igual manera, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, establece los preceptos que rigen la discreción del Tribunal de Apelaciones para expedir un recurso de *certiorari.* Según lo establecido en la Regla 52.1 *supra,* el recurso de *certiorari* solamente será expedido:

> ....

> [para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.
> Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

> Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

De otra parte y a fin de que el Tribunal de Apelaciones pueda ejercer su discreción prudentemente, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B,[8] establece los criterios

---

[8] In re-Aprobación Enmdas. Reglamento TA, 2025 TSPR 42 pág. 59.

que debería considerar para determinar si procede la expedición de un auto de *certiorari*. El texto de la regla citada es el siguiente.

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B) Si la situación de los hechos planteada es la más indicada para analizar el problema.
>
> C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El permitir recurrir de diversas resoluciones no abona al desenvolvimiento lógico y funcional de los casos, porque interrumpe la marcha ordenada del proceso litigioso. *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 730 (2016). La denegatoria a expedir un auto de *certiorari* no constituye una adjudicación en los méritos. Por el contrario, es el ejercicio discrecional que hace el foro apelativo intermedio para no intervenir a destiempo con el trámite pautado por el tribunal de instancia. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 98 (2008).

**POLÍTICA DE QUE LOS CASOS SE VENTILEN EN SUS MÉRITOS**

En nuestra jurisdicción impera una clara política judicial a favor de que los casos se ventilen en sus méritos, por la importancia que tiene que los litigantes tengan su día en corte y que no se perjudiquen por los actos u omisiones de su abogado. *S.L.G. Font*

*Bardón v. Mini-Warehouse,* 179 DPR 322, 334 (2010). La privación a un litigante de su día en corte es una medida que solo procede en casos extremos. *Costas Elena y otros v. Magic Sport y otros,* 213 DPR 523, 534 (2024).

## ABUSO DE DISCRECIÓN

La discreción judicial es una forma de razonabilidad aplicada al discernimiento judicial. El propósito de la discreción judicial es lograr una conclusión justiciera. El ejercicio del discernimiento está estrechamente relacionado con el concepto de razonabilidad. La discreción no autoriza a los tribunales a actuar de una forma u otra en abstracción del resto del derecho. Los tribunales apelativos no interferimos con las facultades discrecionales de los foros primarios salvo que; (1) hayan actuado con prejuicio o parcialidad, (2) incurrieran en un craso abuso de discreción, o (3) se equivocaran en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. La intervención del foro apelativo es requerida para evitar un prejuicio sustancial. El abuso de discreción ocurre cuando el juez; (1) no toma en cuenta e ignora sin fundamento un hecho material que no podía pasar por alto, (2) concedió gran peso y valor a un hecho irrelevante e inmaterial en el que basa exclusivamente su decisión sin justificación ni fundamento alguno y (3) considera y toma en cuenta todos los hechos materiales e importantes y descarta los irrelevantes, pero los sopesa y calibra livianamente. *Rivera et al. v. Arcos Dorados,* supra, págs. 210-211; *García v. Asociación*, 165 DPR 311, 322 (2005).

## LAS ALEGACIONES

Las alegaciones son los escritos en los que las partes presentan los hechos que apoyan o niegan sus reclamaciones o defensas. Su propósito es notificar a grandes rasgos las reclamaciones y defensas de las partes. Las alegaciones comprenden la demanda, la contestación a la demanda, la reconvención, la

réplica a la reconvención, la demanda contra coparte, la contestación a demanda contra coparte, la demanda contra tercero y la contestación a la demanda contra tercero. Toda alegación en la que se solicite un remedio incluirá una relación sucinta y sencilla de los hechos que demuestran su procedencia. Además, de la solicitud del remedio que alega debe concederse. Regla 6.1 de Procedimiento Civil, 32 LPRA Ap. V.

La parte contra la que se reclama tiene que presentar una alegación responsiva, donde admita o niegue las aseveraciones de la parte contraria. Además de exponer sus defensas contra cada reclamación en su contra y una relación de los hechos demostrativos de que esas defensas le asisten. Regla 6.2(a) de Procedimiento Civil. Por su parte, la Regla 7.3 de Procedimiento Civil, 32 LPRA Ap. V, dispone que las aseveraciones de tiempo y lugar son esenciales y recibirán la misma consideración que las demás aseveraciones de carácter esencial. **No obstante, en caso de que incumpla total o parcialmente con los requisitos impuestos, el tribunal a iniciativa propia o a solicitud de parte, podrá dictar una orden para requerirle que satisfaga, las exigencias requeridas.** Regla 6.2(a), (b) de Procedimiento Civil, 32 LPRA Ap. V. (Énfasis nuestro). Según lo dispuesto en la Regla 6.3 de Procedimiento Civil,[9] las defensas afirmativas deberán plantearse de forma clara, expresa y especifica al responder una alegación o se entenderán renunciadas. Cuando el demandado no niega las aseveraciones de la demanda, se entiende que las admitió, salvo el monto de los daños. El demandante no tiene que presentar prueba sobre hechos no negados, o admitidos en la contestación, porque se consideran ciertos. Sin embargo, un demandado puede aducir una defensa afirmativa que no planteó en la contestación, si adviene en

---

[9] 32 LPRA Ap. V.

conocimiento con posterioridad y durante el descubrimiento de prueba. El demandado deberá enmendar su contestación con premura. *Conde Cruz v. Resto Rodríguez et. al,* 205 DPR 1043, 1061-1064 (2020).

## ENMIENDA A LAS ALEGACIONES

Los tribunales deberán ejercer liberalmente su facultad para permitir enmiendas a las alegaciones. El poder de los tribunales para permitir enmiendas a las alegaciones es amplio. La actuación de un juez únicamente será revocada, cuando se demuestra un claro abuso de discreción o un perjuicio manifiesto a la parte contraria. No obstante, esa liberalidad no es infinita. Al momento de permitir una enmienda a las alegaciones debe ponderarse: (1) el impacto del tiempo transcurrido previo a la enmienda, (2) la razón de la tardanza, (3) el perjuicio a la otra parte y, (4) la procedencia de la enmienda solicitada. Los factores señalados deben evaluarse conjuntamente, ya que ninguno opera aisladamente. El paso del tiempo no impide ipso facto que el tribunal admita una enmienda. Los tribunales deben conceder el permiso para enmendar la demanda liberalmente aun en etapas avanzadas de los procedimientos. El perjuicio a la parte contraria es el factor más relevante al momento de evaluar una solicitud de autorización para enmendar las alegaciones. La enmienda no se permite, cuando engendra un perjuicio indebido a la parte afectada o se hace en un momento irrazonable. No obstante, el que la enmienda se solicite tardíamente no es suficiente para no autorizarla. El permiso también será denegado cuando la enmienda altera radicalmente el alcance y naturaleza del caso y convierte la controversia inicial en tangencial. *S.L.G. Font Bardón v. Mini-Warehouse,* supra, págs. 334-336; *Colón Rivera v. Wyeth Pharm,* 184 DPR 184, 198-199 (2012).

**MOCIÓN DE DESESTIMACIÓN**

La parte demandante puede presentar una moción de desestimación, una moción para solicitar una exposición más definida y una moción eliminatoria antes de contestar la demanda. Reglas 10.2, 10.4 y 10.5 de Procedimiento Civil, 32 LPRA Ap. V. Nuestro ordenamiento procesal civil permite que una persona solicite la desestimación de una reclamación en su contra, cuando de las alegaciones de la demanda surja que alguna defensa afirmativa derrotara la presentación del demandante. La Regla 10.2 (5) de Procedimiento Civil, supra, establece que una parte demandada pueda presentar una moción de desestimación porque la demanda exponer una reclamación que justifique la concesión de un remedio. Cuando así se haga, los tribunales están obligados a tomar como ciertos todos los hechos bien alegados y aseverados de manera clara y concluyente. Además, deberán resolver si los hechos determinados ciertos demuestran una reclamación plausible que justifique la concesión de un remedio.

En su análisis los foros judiciales tienen que evaluar las alegaciones conjuntamente, de la forma más favorable al demandante y resolver toda duda a su favor. El demandado debe establecer con toda certeza que el demandante no tiene derecho a ningún remedio bajo cualquier estado de derecho en apoyo a su reclamación y aun interpretando la demanda de la forma más liberalmente posible a favor del demandante. Los tribunales deberán desestimar la demanda cuando no cumple con el estándar de plausibilidad, porque no puede permitir que proceda una demanda insuficiente bajo el pretexto de que se podrán probar las alegaciones colusorias con el descubrimiento de prueba *Costas Elena y otros v. Magic Sport y otros*, supra, págs. 533-534.

**MOCIÓN ELIMINATORIA**

La Regla 10.5 de Procedimiento Civil, 32 LPRA Ap. V, autoriza a los tribunales a eliminar a iniciativa propia, cualquier defensa insuficiente o cualquier materia redundante, inmaterial, impertinente o difamatoria contenida en las alegaciones. Además, podrán eliminar a iniciativa propia y en cualquier momento cualquier documento en apoyo a las alegaciones. No obstante, el tratadista Rafael Hernández Colón advirtió que los tribunales no favorecen la moción eliminatoria y, que únicamente procede en un caso claro de incidencia en una de las causales de eliminación. El standard para adjudicar una moción eliminatoria es el mismo que el de una moción de desestimación basada en la falta de una causa de acción. R. Hernández Colón, Práctica Jurídica de Puerto Rico Derecho Procesal Civil, San Juan, 5ta ed., Ed. Lexis Nexis, 2010, pág. 272. Los tribunales solo podrán eliminar las alegaciones cuando no tienen relación alguna con el asunto en controversia, o son claramente redundantes, inmateriales, impertinentes o escandalosas. *Rossy v. Tribunal Superior,* 80 DPR 729, 749 (1958). La eliminación de las alegaciones, la desestimación de la demanda y la rebeldía son los castigos más severos. Su imposición siembre debe estar dentro del marco de lo justo. La ausencia de tal justicia equivale a un abuso de discreción. La eliminación de todas las alegaciones de la demanda priva a un litigante de su día en corte para establecer la legitimidad y el mérito de su defensa. Por esa razón solo procede en casos extremos en los que no existe duda de la irresponsabilidad o contumacia de la parte contra la que se toman medidas tan drásticas. La supresión total de las alegaciones acarrea la perdida de eficacia jurídica de la contestación a la demanda. Su efecto es mortal, porque la demandada es privada de su día en corte para establecer la legitimidad y el mérito de sus defensas. *Mitsubishi Motors v. Lunor y otros,* 212 DPR 807, 819, 821-823 (2023).

**LA RECONVENCIÓN**

La reconvención es uno de los mecanismos que una parte tiene disponible para solicitar la concesión de un remedio contra una parte adversa. Reglas 5.1 y 6.1 de Procedimiento Civil, 32 LPRA Ap. V. Una reconvención es compulsoria cuando surge del mismo acto, evento u omisión que ocasionó la reclamación de la parte adversa. Regla 11.1 de Procedimiento Civil, 32 LPRA Ap. V. El Tribunal Supremo ha establecido que una reconvención es compulsoria cuando existe una relación lógica entre la reclamación presentada en la demanda y la que es objeto de la reconvención, los hechos esenciales de ambas reclamaciones están tan vinculados que la economía judicial exige que se ventilen en conjunto, si la doctrina de cosa juzgada impediría una acción independiente, si ambas reclamaciones surgen de la misma prueba y están vinculadas lógicamente. *Consejo Titulares v. Gómez Estremera y otros*, 184 DPR 407, 424-425 (2012). La reconvención compulsoria debe presentarse al momento en que la parte notifique su alegación y si no se formula a tiempo se renuncia a la causa de acción que la motiva y quedaran adjudicados los hechos y reclamaciones sin que el demandado pueda presentar posteriormente una reclamación que haya surgido de los mismos eventos. *S.L.G. Font de Bardón v. Mini Warehouse, supra,* págs. 332-334.

III

La Regla 52.1 *supra,* autoriza nuestra intervención, para pasar juicio sobre la eliminación de las alegaciones y defensas de la contestación a la demanda, porque esperar a la sentencia final constituye un fracaso de la justicia. La expedición del recurso es necesaria para corregir el error que cometió el TPI al tomar esa terminación.

Cheryl Díaz Rojas y Jolie Salón & Studio hacen tres señalamientos de errores en los que alegan que el TPI abusó de su

discreción, porque eliminó completamente su contestación a la demanda y defensas afirmativas. Además, cuestionan la desestimación con perjuicio de la reconvención mediante Sentencia Parcial. Según Cheryl Díaz Rojas y Jolie Salón & Studio, el foro primario violó sus derechos al debido proceso de ley y a su día en corte y, atentó contra la política de que los casos se ventilen en sus méritos. Su representación legal alega que la contestación a la demanda cumplió con el estándar de plausibilidad, porque notificó a la demandante los fundamentos de defensa, incluyendo la falta de mitigación de daños, el enriquecimiento injusto y la frustración del contrato al impedir la venta de la llave. No obstante, aducen que, en caso de incumplir con ese estándar, el TPI debió de darle oportunidad de subsanar las deficiencias señaladas. Su representación legal argumenta que, el TPI debió ordenar que subsanaran las deficiencias, conforme a la Regla 6.2(b) de Procedimiento Civil, *supra,* y no recurrir a sanciones tan drásticas como la desestimación con perjuicio y la eliminación de sus alegaciones.

Los tres señalamientos de errores serán discutidos conjuntamente porque están íntimamente relacionados. Cheryl Díaz Rojas y Jolie Salón & Studio tienen razón.

La contestación de la demanda y la reconvención no contienen la especificidad que señaló el TPI. No obstante, dicho foro abusó de su discreción pues su determinación ignoró la política que persigue que los casos se ventilen en sus méritos, y recurrió a las drásticas sanciones de la eliminación de las alegaciones responsivas y las defensas afirmativas de la contestación a la demanda y a la desestimación con perjuicio de la reconvención, sin darle a la demandada la oportunidad de enmendar sus alegaciones. El TPI fundamentó su decisión en la autoridad que le confiere la Regla 10.5 de Procedimiento Civil, *supra,* para eliminar a iniciativa propia,

cualquier defensa insuficiente o cualquier materia redundante, inmaterial, impertinente o difamatoria contenida en las alegaciones. No obstante, obvió que los tribunales solo podrán eliminar las alegaciones que no guardan relación alguna con el asunto en controversia, o que son claramente redundantes, inmateriales, impertinentes o escandalosas. *Rossy v. Tribunal Superior, supra.*

El Tribunal Supremo de Puerto Rico ha instruido a los tribunales a ejercer liberalmente amplio poder para autorizar enmiendas a las alegaciones. La demandada solicitó autorización para enmendar sus alegaciones el 7 de julio de 2025. A esa fecha habían transcurrido aproximadamente siete meses desde que la parte recurrida presentó la demanda el 9 de enero de 2025, y no habían pasado tres meses desde que presentó la moción de carácter dispositivo el 21 de abril de 2025. No encontramos en el expediente razón alguna para concluir que el tiempo transcurrido ocasionó un perjuicio o impacto adverso a la demandante. Tampoco podemos obviar que el tiempo no es el único factor a considerar. El factor determinante al momento de evaluar la procedencia de una enmienda a las alegaciones es el perjuicio que ocasiona a la otra parte. Sin embargo, no existe evidencia alguna de que la enmienda propuesta ocasione el perjuicio que reconoce la regla a la demandante. El TPI incurrió en abusó de su discreción y ocasionó la pérdida de la eficacia jurídica de la contestación de la demanda, sin dar oportunidad a la demandada de corregir sus deficiencias. La supresión total de las alegaciones de la contestación a la demanda tuvo un efecto letal para la demandada, porque la privó de su día en corte y de la oportunidad de establecer la legitimidad y el mérito de sus defensas. *Mitsubishi Motors v. Lunor y otros*, supra.

La desestimación de la reconvención es aún más drástica, porque se hizo con perjuicio. El TPI cerró las puertas para siempre a Cheryl Díaz Rojas y a Jolie Salón & Studio para presentar una

reconvención que es compulsoria, porque está basada en los mismos hechos que la demanda. Tanto la demanda como la reconvención están basada en el contrato de arrendamiento suscrito entre ambas partes. El foro primario concluyó que Cheryl Díaz Rojas y Jolie Salón & Studio repitieron esencialmente en la reconvención, las mismas alegaciones de la contestación a la demanda. Por consiguiente, resolvió que las alegaciones de la reconvención eran igualmente conclusiones carentes de hechos demostrativos plausibles para exponer una reclamación viable. El TPI determinó que Cheryl Díaz Rojas y Jolie Salón & Studio no podían reclamarle a la demandante por negarse a autorizar el subarrendamiento. Según el TPI, Cheryl Díaz Rojas y Jolie Salón & Studio renunciaron contractualmente a reclamar judicialmente a la demandante, por negarse injustificadamente a consentir a la venta de la llave. El foro primario resolvió que la demandada renunció a invocar la doctrina de *rebus sic stantibus*, porque no incluyó en la contestación a la demanda, hechos demostrativos plausibles que la sustenten y no demostró la existencia de alguna de las circunstancias extraordinarias e imprevisibles requeridas para su aplicación.

Cheryl Díaz Rojas y Jolie Salón & Studio tienen la razón. El TPI abusó de su discreción y atentó contra la política que persigue que los casos se ventilen en sus méritos. El foro primario recurrió a la drástica sanción de la desestimación de la reconvención con el agravante de ser con perjuicio. Su determinación le cerró las puertas para siempre y sin esperanza alguna a la demandada para presentar una reconvención que es compulsoria, sin antes permitirle realizar las enmiendas necesarias. El TPI no actuó dentro del marco de lo justo, porque privó a la demandada de su día en corte, cuando no existe evidencia de contumacia e irresponsabilidad de su parte y las Reglas de Procedimiento Civil, le confieren la oportunidad de

corregir las deficiencias existentes en la contestación a la demanda y en la reconvención.

IV

Por las razones antes expresadas y en consideración al Derecho antes consignado, se expide el recurso el recurso de *certiorari* para revocar la eliminación de las alegaciones y defensas de la demanda y se revoca la Sentencia Parcial desestimando con perjuicio la reconvención.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones